# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH, | CASE NO. 1:11-cv-01939-AWI-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND DIRECTING CLERK TO ENTER JUDGMENT |
| v. | |
| FEDERAL BUREAU OF INVESTIGATIONS, AGENCY OF SACRAMENTO, CA, | (Doc. 1) |
| Defendant. | |

Plaintiff Isabel Tubach, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 22, 2011. Because Plaintiff is suing a federal agency for the violation of her rights, the Court construes the action as one brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

Plaintiff alleges that the Federal Bureau of Investigation (FBI) in Sacramento failed to conduct an investigation into her complaints of prison misconduct, which she set forth in a letter to the FBI dated September 23, 2011. Plaintiff seeks damages and a court order requiring the FBI to conduct an investigation.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(ii).

The FBI, as a federal agency, may not be sued for damages. FDIC v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996 (1994). Further, while individual federal officers may be held liable for damages for the violation of an inmate's constitutional rights, Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66, 122 S.Ct. 515 (2001), Plaintiff does not have a freestanding, constitutionally-protected right to compel the FBI open an investigation or an inquiry, Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985). To the extent that Plaintiff's rights are being violated in prison, her recourse is against those directly involved, and the Court notes that Plaintiff is already pursuing a civil suit in this district based on prison conditions.[1] See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1948-49 (2009) (personal involvement required to state a claim).

Accordingly, Plaintiff's complaint is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   November 28, 2011                       _____
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice of case number 1:10-cv-00913-SKO PC.

2